JOSEPH RUGO, INC., Plaintiff,

v.

Napoleon B. HENSON, as the Purchasing Agent of the City of Hartford, City of Hartford, Winfred De May, Lyman C. Lovell, Carleton F. Sharpe, constituting the Contract Board of the City of Hartford, and Fusco-Amatruda Co., Defendants.

Civ. No. 8549.

United States District Court
D. Connecticut.

Dec. 19, 1960.

Cornelius D. Shea, Hartford, Conn., for plaintiff.

Jerome T. Malliet, Joseph J. Burns, Hartford, Conn., Pouzzner & Hadden, New Haven, Conn., for defendant Fusco-Amatruda Co

ANDERSON, Chief Judge.

The defendants' motion to dismiss the complaint for failure to state a claim upon which relief can be predicated is granted on the authority of Austin v. Housing Authority, 1956, 143 Conn. 338, 349, 122 A.2d 399, 404, which holds that an unsuccessful bidder has no justiciable right to enjoin an award of a public contract under a "lowest responsible bidder" statute since such statutes "are enacted solely for the benefit of the public and in no sense create any rights in those who submit bids." While the Austin case involved the predecessor of Conn. Gen.Stat.Rev.1958 Sec. 8–44, which applies to contracts of municipal housing authorities, the statute applicable to the instant case, the Charter of the City of Hartford, Ch. 8, Sections 10 and 11, 25 Conn.Spec.Laws 36, 60–61 (1947), contains substantially similar language. It is clear, therefore, that the plaintiff, not being a taxpayer, has no standing by virtue of the low bidder statute.

The plaintiff seeks to avoid the holding in the Austin case by reliance on the "common law of contracts." But such reliance is misplaced. No contractual relation arises from the submission of a bid, even if such bid is the lowest submitted; a bid is no more than an offer which, until accepted, does not bind the offeree. See 10 McQuillin, Municipal Corporations, Sec. 29.80 (3d ed.1950). Moreover, the invitation to bid, pursuant to which the plaintiff's bid was submitted, reserved the right to reject any and all bids not deemed to the best interests of the City. In the Austin case such a reservation was held sufficient to preclude any cause of action based upon the invitation to bid. 143 Conn. at page 349, 122 A.2d 399; see also 10 McQuillin, op. cit. supra Sec. 29.77, at 363 and 63 C.J.S. Municipal Corporations § 1005.

It may be noted that the cases cited in the plaintiff's brief are inapplicable. Although they do support the general proposition that a bid must substantially conform to the specifications, those cases were either taxpayer suits or New Jersey cases which adopt a distinctly minority rule in permitting review of awards of municipal contracts by writ of certiorari at the instance of the unsuccessful bidder. See 10 McQuillin, op. cit. supra Sec. 29.87.

■ The plaintiff has also asked for injunctive relief. In view of the substantial public interest and pressing necessity for the school facility here involved, of which the court can take judicial notice, it is concluded that the use of the equity powers of the court in the circumstances set out in the pleadings is not warranted. Even if the plaintiff were correct on its breach of contract theory, its remedy should be confined to that provided at law.